UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ABDULKADIR ABDI ALI,<br>A#249136057,<br><br>    Petitioner,<br><br>v.<br><br>TODD M. LYONS, Acting Director, US, ICE; PAMELA BONDI, US Attorney General; KRISTI NOEM, Secretary, DHS; and WARDEN, Karnes County Immigration Processing Center,<br><br>    Respondents. | SA-25-CV-00818-JKP |

## ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Abdulkadir Abdi Ali's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, supporting memorandum, and Respondents' Advisory to the Court. (ECF Nos. 1, 2, 11). After review, the Court orders Ali's § 2241 Petition **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1).

### BACKGROUND

Ali, a citizen of Ethiopia, was detained by Immigration and Customs Enforcement ("ICE") in September 2024. (ECF Nos. 1, 2). On July 14, 2025, Ali filed a § 2241 Petition and supporting memorandum seeking release from detention by immigration authorities. (ECF Nos. 1, 2). In response, Respondents filed an Advisory to the Court. (ECF No. 11). Therein, Respondents advise that Ali was removed from the United States to Ethiopia on July 16, 2025. (ECF No. 11, Exh. A).

## ANALYSIS

### *Applicable Law*

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id*. In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

### *Application*

In his Petition, Ali requests release from detention. (ECF No. 1). Ali is no longer detained by immigration authorities and has been removed to his home country. (ECF No. 11. Exh. A). Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision. *See Spencer*, 523 U.S. at 7. Accordingly, Ali's claim for relief is moot and his Petition is subject to dismissal. *See id.*

**IT IS THEREFORE ORDERED** that Petitioner Abdulkadir Abdi Ali's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

It is so **ORDERED**.

SIGNED this 19th day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE